1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRI-CITY HEALTHCARE DISTRICT, | CASE NO. 09-CV-2334 JLS (CAB) |
| Plaintiff, | **ORDER: GRANTING MOTION TO AMEND** |
| vs. | (Doc. No. 20) |
| HC TRI-CITY I, LLC; et al., | |
| Defendants. | |

Presently before the Court is Plaintiff's motion to amend. (Doc. No. 20.) Defendant has filed an opposition and Plaintiff has replied. (Doc. Nos. 22 & 23.) Having fully reviewed the motion and the parties arguments, the Court **GRANTS** the motion.

Plaintiff appropriately recognizes that its motion is governed by Federal Rule of Civil Procedure 15(a)(2). (Memo. ISO Motion at 3.) When a party may no longer amend its pleading as of right under Rule 15(a)(1), it "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The rule instructs the Court to "freely give leave when justice so requires." *Id.* "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citations omitted). Further, "prejudice to the opposing party" is "the touchstone of the inquiry" and "carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.

1  2003) (citations and internal quotation marks omitted).

2  The specific amendment will "add a single cause of action for breach of contract in order to allow [Plaintiff] to recover monetary damages resulting from [Defendant's] breach of the subject Ground Lease" along with facts supporting the new claim. (Memo. ISO Motion at 4.)

5  Defendant takes umberage with this request, accusing Plaintiff of "undue delay, dilatory motive, [and causing] prejudice." (Opp. at 8.) It cites only the fact that it has, according to Plaintiff, been a year since the complaint was first filed in support of those accusations. (*See id.* at 8–11.) From this, Defendant claims that "[p]rejudice is inherent." (*Id.* at 10.) Specifically, Defendant expects to "challenge this pleading as . . . defective." (*Id.*) Moreover, HC claims to have "already been prejudiced" because it has already conducted some discovery. (*Id.* at 11.)

11  The Court finds that Defendant HC's arguments are entirely without merit. First, HC offers no proof of bad faith or futility of amendment. As such, these factors cut in favor of allowing Plaintiff to amend.

14  Second, the Court finds that Plaintiff has not unduly delayed in asking for this amendment. Contrary to Defendant's suggestion, this case was only filed eleven months ago. (*See* Doc. No. 1.) Moreover, Defendant only removed the case to this Court nine months ago. Moreover, much of the time spent so far in this case is due to Defendant's own action. In mid-November 2009, Defendant filed a motion to dismiss. (Doc. No. 7.) The Court denied that motion in late January 2010. (Doc. No. 13.) As such, this case was stalled for two of its nine months in this Court at Defendant's behest. This is not a delay that would result in inherent prejudice or preclude amendment as a matter of equity.

21  However, even if the Court were to find delay, that would not, in and of itself, be determinative. As the Ninth Circuit has clearly held, "delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs*, 833 F.2d at 186.

24  Finally, the Court rejects the suggestion that Defendant would be prejudiced by amendment. The Case Management Order was only issued on June 3, 2010 and set a discovery cut-off of December 10, 2010. (Doc. No. 19.) Being hardly two months into discovery, it is exceptionally disingenuous for Defendant to complain that there will not be enough time to fully investigate the new claim. That said, Defendant is free to ask Magistrate Judge Bencivengo for additional time, should

it, despite its best efforts, be unable to complete discovery. Thus, the Court finds no question of prejudice. In light of this, all of the factors for allowing amendment cut in Plaintiff's favor.

For these reasons, the Court finds that justice requires Plaintiff's motion to amend be **GRANTED**. Plaintiff **SHALL FILE** its amended complaint <u>within 7 calendar days of the date this Order is electronically docketed</u>.

IT IS SO ORDERED.

DATED: August 4, 2010

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge