1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  TRI-CITY HEALTHCARE DISTRICT, a California local healthcare district, | CASE NO. 09-CV-2334 JLS (KSC) |
| 12                                        Plaintiff, | **ORDER DENYING LEAVE TO FILE AN AMENDED ANSWER AND COUNTERCLAIM** |
| 13         vs. | |
| 14 | (ECF No. 62) |
| 15  HC TRI-CITY I, LLC, a Wisconsin limited liability company, and DOES 1 through 10, inclusive, | |
| 16 | |
| 17                                        Defendants. | |
| 18 | |
| 19 | |

20        Presently before the Court is Defendant and Counter-Claimant HC Tri-City I, LLC (HC)

21   and Counter-Claimant Hammes Company Healthcare, LLC's (Hammes) *Ex Parte* Application to

22   Seek Leave to File an Amended Answer and Counterclaim, or in the alternative, for Clarification.

23   (ECF No. 62.)  Also before the Court are the parties' responsive pleadings.[1]  (ECF Nos. 76-77.)

24   For the reasons stated below, Defendant's motion for leave to file an amended answer and

25   counterclaim is **DENIED**.

26

27        [1]On May 11, 2012, the Court ordered the parties to show cause why their declaratory relief claims should not be dismissed.  (ECF No. 75.)  In their briefs, the parties addressed whether HC
28   should be granted leave to amend its answer in this case.  (*Id.*)

1

**BACKGROUND**

2        This action arises from the failed development of an outpatient surgery center and medical

3   office building adjacent to the Tri-City Medical Center and Hospital in Oceanside, California.  In

4   the lead case, *Hammes Co. Healthcare, LLC and HC Tri-City I, LLC v. Tri-City Healthcare*

5   *District, et al.*, Case No. 09-CV-2324 ("lead case" or "2324"), only Hammes' claim for breach of

6   the letter of intent and the claim for declaratory relief remain.[2]  In this related case, *Tri-City*

7   *Healthcare District v. HC Tri-City I, LLC*, Case No. 09-CV-2334 ("related case" or "2334"), the

8   only claim asserted in the operative Second Amended Complaint is Tri-City's claim for

9   declaratory relief against HC.  (*See* SAC, ECF No. 52.)

10       As the parties are well aware of the relevant background of these cases, set forth in many

11  of the Court's prior Orders, the Court recites those facts here only where necessary to explain its

12  reasoning.  On December 22, 2011, Plaintiff Tri-City Healthcare District ("Tri-City") filed the

13  operative Second Amended Complaint (ECF No. 52) pursuant to the Court's December 13, 2011

14  Order.  (Order, ECF No. 50.)  In that Order, the Court granted Tri-City leave to amend its

15  complaint for the sole purpose of deleting the second cause of action against Defendants.  (Order

16  at 19.)  On January 10, 2012, Defendants filed an amended answer.  (ECF No. 57.)  Finding no

17  basis for further adding or changing pleadings or discovery related to Tri-City's first claim, which

18  remained unchanged, the Court granted Tri-City's *ex parte* motion to strike Defendants' amended

19  answer.  (ECF No. 61.)  On January 25, 2012, Defendants then filed this *ex parte* motion for leave

20  to file an amended answer.  (Motion, ECF No. 62.)

21

**ANALYSIS**

22       HC and Hammes (collectively "Defendants") wish to assert three new affirmative defenses:

23  (1) excuse, waiver, and/or ratification; (2) anticipatory breach; and (3) offset/restitution.

24  (Proposed Answer, ECF No. 62-3.)  Defendants also wish to assert a counter-claim for breach of

25  contract, quasi-contract, restitution, quantum meruit, breach of the implied covenant, declaratory

26

27       [2] Claim seven, as one for declaratory relief, does not by itself state a claim.  Thus, because only
28  Hammes' claim survives summary judgment, for simplicity the Court refers to the party asserting a
     claim for declaratory relief in the lead case as "Hammes."

1  relief, and interference with contract.  (*Id.*)  In the alternative, Defendants seek clarification that

2  they can assert affirmative defenses and a counterclaim based on excuse, restitution, and quasi-

3  contract recovery at the time of trial.  (*Id.*)

4         Leave to amend should be freely given "when justice so requires."  Fed R. Civ. P. 15(a)(2).

5  But while the rule should be interpreted extremely liberally, leave should not be granted

6  automatically.  *Jackson v. Bank of Haw.*, 902 F.3d 1385, 1387 (9th Cir. 1990).  A trial court may

7  deny a motion for leave to amend based on various factors, including bad faith, undue delay,

8  prejudice to the opposing party, futility of amendment, and whether the party has previously

9  amended.  *Foman v. Davis*, 371 U.S. 178 (1962).  "These factors, however, are not of equal weight

10 in that delay, by itself, is insufficient to justify denial of leave to amend."  *DCD Programs, Ltd. v.*

11 *Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citations omitted).  Further, "prejudice to opposing

12 party" is "the touchstone of the inquiry" and "carries the greatest weight."  *Eminence Capital, LLC*

13 *v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citations and internal quotation marks

14 omitted).

15        The Court finds that amendment would be futile to the extent that Defendants attempt to re-

16 open several issues that have already been adjudicated in Tri-City's favor.  This Court has

17 previously granted Tri-City's motion for partial summary judgment in the lead case as to

18 Defendants' claims for: (1) breach of the ground lease and space lease, (2) breach of the implied

19 covenant of good faith and fair dealing, (4) fraud, (5) tortious interference with the space lease,

20 and (6) promissory estoppel.  (2324 ECF No. 85.)  Therefore, leave to amend would be futile as to

21 Defendants' proposed counterclaims for breach of contract, breach of implied covenant, and

22 interference with contract.

23        As to the other proposed amendments, Tri-City asserts that granting Defendants leave to

24 amend will unduly delay the trial because the amendments would add Hammes as a new party to

25 the related case and introduce a new theory of damages based on the unjust benefit obtained by

26 Tri-City from Hammes' expenditures.  (*See* ECF No. 76.)  Specifically, Tri-City contends that it

27 will be required to conduct further discovery on the degree of reliance by third-parties on

28 Hammes' prior work as well as retain an expert witness to evaluate the costs incurred and any cost

1   savings that occurred.  (*Id.* at 4.)  Moreover, Tri-City contends that Hammes could have asserted

2   these non-contract theories following the grant of summary judgment in July 2011 of all contract-

3   based theories, but has instead waited until after the pre-trial meeting of counsel and substantial

4   completion of the pre-trial order.  (*Id.*)  Although the Court is sympathetic to Tri-City's arguments,

5   "delay, by itself, is insufficient to justify denial of leave to amend." *Leighton*, 833 F.2d at 186.

6          However, leave should still be denied here because Defendants only seek leave to amend

7   their answer in order to incorporate their declaratory relief claim from the lead case.  "Federal

8   Courts do not have a duty to grant declaratory judgment; therefore, it is within a district court's

9   discretion to dismiss an action for declaratory judgment." *Leadsinger, Inc. v. BMG Music Publ'g*,

10  512 F.3d 522, 533 (9th Cir. 2008).  Further, courts "have used that discretion to dismiss

11  counterclaims under Fed. Rule Civ. Pro. 12(f) where they are the 'mirror image' of claims in the

12  complaint or redundant of affirmative defenses." *Stickrath v. Globalstar, Inc.*, 2008 U.S. Dist.

13  LEXIS 95127, 2008 WL 2050990, at *8 (N.D. Cal).

14         Here, Defendants state that, "[b]y filing its answer, HC and Hammes merely seek to

15  confirm their ability to assert affirmative defenses and a counterclaim based on excuse, restitution

16  and quasi-contract recovery which are believed to be encompassed in the Declaratory Relief Claim

17  pending in the Lead Case."  (ECF No. 62 at 3.)  Defendants also state that the amended answer is

18  "done again to emphasis [sic] the substantive claims that underpin the existing Declaratory Relief

19  Claims."  (ECF No. 77 at 4.)  Given that Defendants admit the redundancy of their claims, and that

20  FRCP 12(f) allows a court to *sua sponte* order stricken any redundant matter from any pleading,

21  the Court finds that Defendants' proposed amendments would be futile.

22         Furthermore, the Court finds no need for Defendants to alter their answer when they admit

23  there are no new witnesses, exhibits, changes in damages, defenses, or counterclaims.  Tri-City has

24  complied with the Court's order to amend its complaint to merely delete anything related to the

25  second claim without any additions.  (ECF No. 52.)  As Defendants admit there are no new

26  witnesses, exhibits, changes in damages, defenses, or counterclaims, (ECF No. 60.), Defendants

27  will suffer no prejudice from adhering to the same rules the Court applied to Tri-City: amendment

28  of the answer solely to delete anything related to the second claim without any additions.  (Order,

1   ECF No. 50.)

2          Given that this case has long been poised for trial, and that Tri-City was only granted leave

3   to amend its complaint for the sole purpose of deleting the second cause of action against

4   Defendants, (Order at 19), the Court **DENIES** Defendants' motion for leave to file an amended

5   answer.

6          **IT IS SO ORDERED**.

7   DATED:  September 18, 2012

8                                                    Janis L. Sammartino
                                                     Honorable Janis L. Sammartino
9                                                    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28