# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRI-CITY HEALTHCARE DISTRICT, a California local healthcare district,<br><br>                         Plaintiff,<br>  vs.<br><br>HC TRI-CITY I, LLC, a Wisconsin limited liability company, and DOES 1 through 10, inclusive,<br>                         Defendants. | CASE NO. 09-CV-2334 JLS (KSC)<br><br>**ORDER DENYING LEAVE TO FILE AN AMENDED ANSWER AND COUNTERCLAIM**<br><br>(ECF No. 62) |

      Presently before the Court is Defendant and Counter-Claimant HC Tri-City I, LLC (HC) and Counter-Claimant Hammes Company Healthcare, LLC's (Hammes) *Ex Parte* Application to Seek Leave to File an Amended Answer and Counterclaim, or in the alternative, for Clarification. (ECF No. 62.) Also before the Court are the parties' responsive pleadings.[1] (ECF Nos. 76-77.) For the reasons stated below, Defendant's motion for leave to file an amended answer and counterclaim is **DENIED**.

---

[1] On May 11, 2012, the Court ordered the parties to show cause why their declaratory relief claims should not be dismissed. (ECF No. 75.) In their briefs, the parties addressed whether HC should be granted leave to amend its answer in this case. (*Id.*)

**BACKGROUND**

This action arises from the failed development of an outpatient surgery center and medical office building adjacent to the Tri-City Medical Center and Hospital in Oceanside, California. In the lead case, *Hammes Co. Healthcare, LLC and HC Tri-City I, LLC v. Tri-City Healthcare District, et al.*, Case No. 09-CV-2324 ("lead case" or "2324"), only Hammes' claim for breach of the letter of intent and the claim for declaratory relief remain.[2] In this related case, *Tri-City Healthcare District v. HC Tri-City I, LLC*, Case No. 09-CV-2334 ("related case" or "2334"), the only claim asserted in the operative Second Amended Complaint is Tri-City's claim for declaratory relief against HC. (*See* SAC, ECF No. 52.)

As the parties are well aware of the relevant background of these cases, set forth in many of the Court's prior Orders, the Court recites those facts here only where necessary to explain its reasoning. On December 22, 2011, Plaintiff Tri-City Healthcare District ("Tri-City") filed the operative Second Amended Complaint (ECF No. 52) pursuant to the Court's December 13, 2011 Order. (Order, ECF No. 50.) In that Order, the Court granted Tri-City leave to amend its complaint for the sole purpose of deleting the second cause of action against Defendants. (Order at 19.) On January 10, 2012, Defendants filed an amended answer. (ECF No. 57.) Finding no basis for further adding or changing pleadings or discovery related to Tri-City's first claim, which remained unchanged, the Court granted Tri-City's *ex parte* motion to strike Defendants' amended answer. (ECF No. 61.) On January 25, 2012, Defendants then filed this *ex parte* motion for leave to file an amended answer. (Motion, ECF No. 62.)

**ANALYSIS**

HC and Hammes (collectively "Defendants") wish to assert three new affirmative defenses: (1) excuse, waiver, and/or ratification; (2) anticipatory breach; and (3) offset/restitution. (Proposed Answer, ECF No. 62-3.) Defendants also wish to assert a counter-claim for breach of contract, quasi-contract, restitution, quantum meruit, breach of the implied covenant, declaratory

---

[2] Claim seven, as one for declaratory relief, does not by itself state a claim. Thus, because only Hammes' claim survives summary judgment, for simplicity the Court refers to the party asserting a claim for declaratory relief in the lead case as "Hammes."

relief, and interference with contract. (*Id.*)  In the alternative, Defendants seek clarification that they can assert affirmative defenses and a counterclaim based on excuse, restitution, and quasi-contract recovery at the time of trial. (*Id.*)

Leave to amend should be freely given "when justice so requires." Fed R. Civ. P. 15(a)(2). But while the rule should be interpreted extremely liberally, leave should not be granted automatically. *Jackson v. Bank of Haw.*, 902 F.3d 1385, 1387 (9th Cir. 1990). A trial court may deny a motion for leave to amend based on various factors, including bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the party has previously amended. *Foman v. Davis*, 371 U.S. 178 (1962). "These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citations omitted). Further, "prejudice to opposing party" is "the touchstone of the inquiry" and "carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citations and internal quotation marks omitted).

The Court finds that amendment would be futile to the extent that Defendants attempt to re-open several issues that have already been adjudicated in Tri-City's favor. This Court has previously granted Tri-City's motion for partial summary judgment in the lead case as to Defendants' claims for: (1) breach of the ground lease and space lease, (2) breach of the implied covenant of good faith and fair dealing, (4) fraud, (5) tortious interference with the space lease, and (6) promissory estoppel. (2324 ECF No. 85.) Therefore, leave to amend would be futile as to Defendants' proposed counterclaims for breach of contract, breach of implied covenant, and interference with contract.

As to the other proposed amendments, Tri-City asserts that granting Defendants leave to amend will unduly delay the trial because the amendments would add Hammes as a new party to the related case and introduce a new theory of damages based on the unjust benefit obtained by Tri-City from Hammes' expenditures. (*See* ECF No. 76.) Specifically, Tri-City contends that it will be required to conduct further discovery on the degree of reliance by third-parties on Hammes' prior work as well as retain an expert witness to evaluate the costs incurred and any cost

savings that occurred. (*Id.* at 4.) Moreover, Tri-City contends that Hammes could have asserted these non-contract theories following the grant of summary judgment in July 2011 of all contract-based theories, but has instead waited until after the pre-trial meeting of counsel and substantial completion of the pre-trial order. (*Id.*) Although the Court is sympathetic to Tri-City's arguments, "delay, by itself, is insufficient to justify denial of leave to amend." *Leighton*, 833 F.2d at 186.

However, leave should still be denied here because Defendants only seek leave to amend their answer in order to incorporate their declaratory relief claim from the lead case. "Federal Courts do not have a duty to grant declaratory judgment; therefore, it is within a district court's discretion to dismiss an action for declaratory judgment." *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 533 (9th Cir. 2008). Further, courts "have used that discretion to dismiss counterclaims under Fed. Rule Civ. Pro. 12(f) where they are the 'mirror image' of claims in the complaint or redundant of affirmative defenses." *Stickrath v. Globalstar, Inc.*, 2008 U.S. Dist. LEXIS 95127, 2008 WL 2050990, at *8 (N.D. Cal).

Here, Defendants state that, "[b]y filing its answer, HC and Hammes merely seek to confirm their ability to assert affirmative defenses and a counterclaim based on excuse, restitution and quasi-contract recovery which are believed to be encompassed in the Declaratory Relief Claim pending in the Lead Case." (ECF No. 62 at 3.) Defendants also state that the amended answer is "done again to emphasis [sic] the substantive claims that underpin the existing Declaratory Relief Claims." (ECF No. 77 at 4.) Given that Defendants admit the redundancy of their claims, and that FRCP 12(f) allows a court to *sua sponte* order stricken any redundant matter from any pleading, the Court finds that Defendants' proposed amendments would be futile.

Furthermore, the Court finds no need for Defendants to alter their answer when they admit there are no new witnesses, exhibits, changes in damages, defenses, or counterclaims. Tri-City has complied with the Court's order to amend its complaint to merely delete anything related to the second claim without any additions. (ECF No. 52.) As Defendants admit there are no new witnesses, exhibits, changes in damages, defenses, or counterclaims, (ECF No. 60.), Defendants will suffer no prejudice from adhering to the same rules the Court applied to Tri-City: amendment of the answer solely to delete anything related to the second claim <u>without any additions</u>. (Order,

1 | ECF No. 50.)

2 |     Given that this case has long been poised for trial, and that Tri-City was only granted leave to amend its complaint for the sole purpose of deleting the second cause of action against Defendants, (Order at 19), the Court **DENIES** Defendants' motion for leave to file an amended answer.

6 | **IT IS SO ORDERED**.

7 | DATED: September 18, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge