1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10

11 | HAMMES COMPANY HEALTHCARE,                    ) Case Nos. 3:09-cv-2324-GPC-KSC
   | LLC, a Wisconsin limited liability company,   )            3:09-cv-2334-GPC-KSC
12 | and HC TRI-CITY I, LLC, a Wisconsin           )
   | limited liability company,                    ) **ORDER:**
13 |                                               )
   |                        Plaintiffs,            ) **(1) DISMISSING CLAIMS FOR**
14 | v.                                            ) **DECLARATORY RELIEF;**
   |                                               )
15 | TRI-CITY HEALTHCARE DISTRICT, a               ) **(2) TERMINATING 09-CV-2334;**
   | California public entity, et al.               )
16 |                                               ) **(3) DENYING MOTION TO DISMISS**
   |                        Defendants,            ) **AS MOOT;**
17 | _____          )
   |                                               ) **(4) SETTING PRETRIAL**
18 | AND RELATED ACTION.                           ) **CONFERENCE**
   |                                               )
19

20                        **INTRODUCTION**

21      On December 14, 2012, this Court held a hearing to address two outstanding matters in the

22 above cases ("2324 case" and "2334 case").  The first is an order to show cause why the declaratory

23 relief claims in both cases should not be dismissed, (2324 ECF No. 134; 2334 ECF No. 75), to which

24 the parties have filed responses, (2324 ECF Nos. 135, 136; 2334 ECF Nos. 76, 77).

25      The second outstanding matter is a motion to dismiss pursuant to FRCP 41(b) for failure to

26 prosecute and for failure to comply with a court order that defendants and counter-claimants HC Tri-

27 City I, LLC and Hammes Company Healthcare, LLC filed in the 2334 case.  (2334 ECF No. 78.)

28      For the reasons that follow, the Court **DISMISSES WITHOUT PREJUDICE** the claims for

1   declaratory relief in both the 2324 case and the 2334 case, **TERMINATES** the 2334 case, **DENIES**

2   **AS MOOT** the motion to dismiss filed therein, and sets a pretrial conference for **February 1, 2013,**

3   **at 1:30 p.m.**

4                                          **BACKGROUND**

5        On January 26, 2012, prior to the transfer of these related cases to this Court, Judge

6   Sammartino held a pretrial conference.  Judge Sammartino found that the parties had not filed the

7   appropriate pretrial documents and that it was clear the matters were not ready to proceed to trial.

8   Judge Sammartino ordered the parties to submit briefing addressing several issues that required

9   resolution before the final pretrial conference could take place.  The issues included establishing the

10  scope of the parties' declaratory relief claims, determining whether the cases should be consolidated

11  for trial, deciding whether Hammes and HC should be granted leave to amend their answer in the 2334

12  case, and providing a more realistic and thoroughly supported time estimate for trial.[1]

13       In the 2324 case, Hammes[2] asserted seven claims against Tri-City for: (1) breach of the letter

14  of intent, (2) breach of the ground lease and space lease, (3) breach of the implied covenant of good

15  faith and fair dealing, (4) fraud, (5) tortious interference with the space lease, (6) promissory estoppel,

16  and (7) declaratory relief.  (See 2324 ECF No. 1.)  On July 11, 2011, Judge Sammartino granted

17  Tri-City's motion for summary judgment as to the second through sixth claims.  (2324 ECF No. 85.)

18  Consequently, only Hammes' claim for breach of the letter of intent and the claim for declaratory relief

19  remain.[3]  In the 2334 case, the only claim asserted in the operative Second Amended Complaint is

20  Tri-City's claim for declaratory relief.  (See 2334 ECF No. 52.)  As observed by Judge Sammartino,

21  these cases essentially boil down to the breach of the letter of intent claim, and dueling requests for

22

23  _____

24  [1] Judge Sammartino denied Hammes and HC's request for leave to amend their answer on September 18, 2012.  (2334 ECF No. 86.)

25  [2] Claims two through seven were also asserted by HC.

26  [3] As observed by Judge Sammartino, claim seven, as one for declaratory relief, does not by
27  itself state a claim.  Audette v. Int'l Longshoremen's & Warehousemen's Union, 195 F.3d 1107, 1111 n.2 (9th Cir. 1999); see also Realty Experts Inc. v. RE Realty Experts, Inc., 2012 WL 699512, at *2
28  (S.D. Cal. Mar. 1, 2012) ("A claim for declaratory judgment is a form of relief; it does not by itself state a claim.").  Thus, because the only substantive claim that survived summary judgment is asserted by Hammes, the party requesting declaratory relief must necessarily be Hammes.

1  declaratory relief.[4]

2  **DISCUSSION**

3  **I.     Order to Show Cause re Declaratory Relief Claims**

4       Judge Sammartino observed the parties' supplemental briefs following the first pretrial

5  conference in January 2012 barely addressed the scope of their respective declaratory reliefs claims

6  and the impact of these claims upon the upcoming trial, in spite of her order to do so.  She further

7  observed that both parties seemed to acknowledge the duplicative nature of the claims, noting that Tri-

8  City admitted that its remaining "claim" for declaratory relief in the 2334 case is merely the "flip side"

9  of claims in the 2324 case and that proceeding with both would be a waste of resources.

10      Judge Sammartino agreed there is significant overlap between the two cases and questioned

11  the utility in proceeding with either party's declaratory relief claim.  She noted that granting the

12

13      [4] Hammes' request for declaratory relief in the 2324 case alleges in pertinent part:

14      An actual controversy has arisen and now exists between Plaintiffs and Defendants in
       regard to their obligations and duties owed under the Original Agreement, Ground
15      Lease, Space Lease, and the promises and representations made by Defendants to
       Plaintiffs. Plaintiffs state that they are entitled to recovery of loss [sic] profits,
16      development costs, breakage fees, attorneys' fees, interest, and loss of use of funds, and
       enforcement of promises and obligations held by Defendants, which Defendants
17      expressly recognize but continue to act contrary thereto. Plaintiffs also seek a
       declaration confirming their ownership of the instruments of service related to the
18      Project.

19      By virtue of the foregoing, Plaintiffs seek a declaration of their respective rights and
       duties of the Defendants and each of them, and that said Declaration include an award
20      of monetary sums to Plaintiffs.

21      (2324 ECF No. 1, Compl. ¶¶ 64, 65.)

22      Likewise, Tri-City's request for declaratory relief in the related case alleges in pertinent
       part:
23
       An actual controversy has arisen between the parties in relation to the interpretation of
24      and performance of the Lease, TRI-CITY's alleged liability to HC for development
       costs, the timeliness of HC's Notice and HC's diligence in obtaining governmental
25      approval and sub-leases as required by the Lease. Pursuant to Code of Civil Procedure
       section 1060, TRI-CITY requests a judicial declaration that TRI-CITY is not liable to
26      HC for development costs, that HC failed to act with commercial reasonableness in
       obtaining governmental approvals and sub-leases and that TRI-CITY is excused from
27      performing further under the lease.

28      (2334 ECF No. 52, SAC ¶¶ 22, 23.)

1    declaratory relief requested would potentially foreclose any remaining state law contract claims, which

2    is why she ordered the parties to clarify the scope of declaratory relief sought.  Judge Sammartino,

3    concluded, stating:

4        These discretionary claims threaten to add significant complication to the resolution
         of this dispute and to re-open for trial many issues that have already been adjudicated.
5        Nor can the Court see any useful purpose in granting either party's request for
         declaratory relief, where both appear to be sought merely to determine issues which are
6        involved in a case already pending and can be or have already been properly disposed
         of therein, and where the parties fail to adequately define the declaration of rights
7        sought.

8        Accordingly, Judge Sammartino ordered the parties to show cause why their requests for

9    declaratory relief should not be dismissed.

10       In Tri-City's response to the OSC, it asserts the declaratory relief claims in both cases should

11   be dismissed in an order expressly indicating that neither party is a prevailing party for purposes of

12   costs and attorney fees as to those claims.  (2334 ECF No. 76.)  Tri-City notes that, if the declaratory

13   relief claims are dismissed, the parties' joint request for consolidation will be moot, and the 2334 case

14   can be terminated.[5]

15       In Hammes and HC's response to the OSC, they first note that Judge Sammartino "has not

16   determined that Tri-City is not liable in anyway to HC for development costs; the Court merely

17   excused the parties' from performance under the ground lease."  (2324 ECF No. 135 (quoting Judge

18   Sammartino's order at 2324 ECF No. 110.))  Thus, Hammes and HC assert that, while performance

19   under the ground lease has been excused, the following controversies will not be resolved in trying the

20   remaining substantive claim for breach of the letter of intent:

21       1.    Hammes and HC's ownership of the instruments of service and proprietary information

22             relating to the project (as Hammes and HC dispute that Tri-City has any rights to use

23             developmental documents, including plans and traffic studies, which Tri-City has

24             allegedly used without payment or permission in developing and constructing another

25             medical office building on the hospital campus);

26

27       [5] At oral argument, Tri-City requested that its request for declaratory relief be dismissed
         without prejudice, given the possibility that Judge Sammartino's summary judgment motion regarding
28       the ground lease could be disturbed prior to entry of final judgment.  This Court granted Tri-City's
         request for dismissal without prejudice.

1    2.    Tri-City's lack of right to use those instruments of service and proprietary information

2         relating to the project;

3    3.    Compensation owed to Hammes and HC per Tri-City's use of those instruments of

4         service and proprietary information based on theories, including, but not limited to

5         quasi-contract, restitution, and quantum meruit.

6    At oral argument, Hammes and HC asserted the request for declaratory relief relates to the

7    remaining claim for breach of the letter of intent, in that the letter of intent provides for the creation

8    of a special entity (i.e., HC) to undertake the development project.  Hammes and HC also asserted the

9    letter of intent provided that Hammes and HC would own the instruments of service and proprietary

10   information relating to the project.[6]

11   Lastly, Hammes and HC also argue – contrary to Judge Sammartino's OSC – that HC still has

12   a declaratory relief claim.[7]

13   Because a declaratory judgment is procedural, federal law controls.  See Bernardi v.

14   Amtech/San Francisco Elevator Co., 2008 WL 2345153, at *5 (N.D. Cal. June 5, 2008).

15   Federal courts have the power to grant declaratory relief pursuant to the Declaratory Judgment

16   Act ("DJA"), 28 U.S.C. §§ 2201, 2202, which provides in pertinent part:

17       In a case of actual controversy within its jurisdiction . . . any court of the United States,
         upon the filing of an appropriate pleading, may declare the rights and other legal
18       relations of any interested party seeking such declaration, whether or not further relief
         is or could be sought.  Any such declaration shall have the force and effect of a final
19       judgment or decree and shall be reviewable as such.

20   28 U.S.C. § 2202(a) (emphasis added).  "This text has long been understood 'to confer on federal

21   courts unique and substantial discretion in deciding whether to declare the rights of litigants.'"

22   MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 136 (2007) (quoting Wilton v. Seven Falls Co.,

23   515 U.S. 277, 286 (1995)); see also Cardinal Chemical Co. v. Morton Int'l, Inc., 508 U.S. 83, 95 n.

24

25   [6] Hammes and HC did not cite to any specific portion of the letter of intent containing this
     provision, and, upon reviewing the letter of intent, the Court has found no such provision.
26

27   [7] This argument is easily dispelled, as it ignores the fact that a request for declaratory relief
     does not, in itself, state a claim.  See n.2, supra.  Thus, because the only remaining substantive claim
     is asserted by Hammes (breach of letter of intent), the remaining "claim" for declaratory relief is only
28   asserted by Hammes.  Moreover, HC is not a signatory to the letter of intent.  (See ECF No. 92-19 at
     15.)

1   17 (1993); <u>Brillhart v. Excess Ins. Co. of America</u>, 316 U.S. 491, 494-96 (1942).  The Supreme Court

2   has found it "more consistent with the statute . . . to vest district courts with discretion in the first

3   instance, because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness

4   of the case for resolution, are peculiarly within their grasp." <u>MedImmune</u>, 549 U.S. at 136

5   (citing <u>Wilton</u>, 515 U.S. at 289).

6          Declaratory relief may properly be denied "when prudential considerations counsel against its

7   use," and "when it will neither serve a useful purpose in clarifying and settling the legal relations in

8   issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the

9   parties." <u>United States v. State of Washington</u>, 759 F.2d 1353, 1357 (9th Cir. 1985).  The Seventh

10  Circuit has summarized reasons for refusing declaratory relief as follows:

11         The discretion of a court to entertain a suit for declaratory judgment is a "judicial
           discretion" which must find its basis in sound reason, and jurisdiction is not to be
12         declined merely because of the existence of another adequate legal remedy, or even
           because of the pendency of another suit, if the controversy between the parties is such
13         that it will not necessarily be determined therein.  It is well settled, however, that a
           declaratory judgment may be refused where it would serve no useful purpose, or would
14         not finally determine the rights of the parties, or where it is being sought merely to
           determine issues which are involved in a case already pending and can be properly
15         disposed of therein, especially if the issue is one involving a novel question of state
           law, or is, for any other reason, one that can better be adjudicated in another court.  Nor
16         should declaratory relief be granted where it would result in piecemeal trials of the
           various controversies presented or in the trial of a particular issue without resolving the
17         entire controversy.

18  <u>Yellow Cab Co. v. City of Chicago</u>, 186 F.2d 946, 950-51 (7th Cir. 1951) (internal citations omitted)

19  (cited by <u>McGraw-Edison Co. v. Preformed Line Prods. Co.</u>, 362 F.2d 339, 342-43 (9th Cir. 1966)).

20         Under the DJA, "Further necessary or proper relief based on a declaratory judgment or decree

21  may be granted, after reasonable notice and hearing, against any adverse party whose rights have been

22  determined by such judgment." 28 U.S.C. § 2202.  "It is well settled that 'further relief' may include

23  an award for damages." <u>Beacon Const. Co., Inc. v. Matco Elec. Co., Inc.</u>, 521 F.2d 392, 400-01 (2d

24  Cir. 1975) (citing <u>Sec. Ins. Co. of New Haven v. White</u>, 236 F.2d 215, 220 (10th Cir. 1956)).

25         Turning to Hammes and HC's complaint in the 2324 case, it is clear they requested "a

26  declaration confirming their ownership of the instruments of service related to the Project."  It thus

27  appears, from Hammes and HC's response to Judge Sammartino's OSC, that they are now seeking to

28  proceed on a request they included in their original complaint: ownership of the development

                                            6                    3:09-cv-2324-GPC-KSC; 09-cv-2334-GPC-KSC

1    instruments.  This issue, however, is complicated in two ways.  First, to the extent HC is seeking such

2    a declaration, it cannot do so because it has no remaining substantive claims which such relief might

3    remedy, as discussed above.

4         Second, it is not clear that Hammes prayed for damages in connection with its request for

5    declaratory relief as to the ownership of the development instruments.  Even if Hammes did pray for

6    such damages, however, the Court is not prepared to entertain such a request in connection with a

7    request for declaratory relief.  While damages may be awarded as "further and necessary relief" in

8    declaring the rights of parties, (see 28 U.S.C. § 2202), it appears Hammes is attempting to bootstrap

9    a substantive and independent quasi-contract claim to its request for declaratory relief.  See United

10   States v. Neidorf, 522 F.2d 916, 918 (9th Cir. 1975) (discussing nature of quasi-contract claims); see

11   also Durell v. Sharp Healthcare, 183 Cal. App. 4th 1350, 1370 (2010) (same).[8]  Accordingly, Hammes'

12   seventh claim for declaratory relief is **DISMISSED**, leaving only its first claim for breach of the letter

13   of intent to be tried.

14        Turning to Tri-City's declaratory relief claim in the 2334 case, the analysis is more

15   straightforward.  Because no substantive claim remains in Tri-City's SAC, there is no claim that might

16   be remedied by declaratory relief.  And, in any event, Tri-City agrees its request for declaratory relief

17   should be dismissed, albeit without prejudice.  Accordingly, Tri-City's request for declaratory relief

18   is **DISMISSED WITHOUT PREJUDICE** and, because that request was the only claim remaining

19   in the 2334 case, the 2334 case is **TERMINATED**.

20   **II.    Motion to Dismiss**

21        Because the 2334 case should be terminated, Hammes and HC's motion to dismiss Tri-City's

22   SAC pursuant to FRCP 41(b) is **DENIED AS MOOT**.

23                              **CONCLUSION**

24        For the foregoing reasons, **IT IS HEREBY ORDERED** that:

25        1.    The declaratory relief claims in both the 2324 and 2334 cases are **DISMISSED**

26

27

28        [8] The Court offers no opinion on the merits of any potential quasi-contract claim for the
          allegedly wrongful use of the development instruments, as no such claim is before the Court.

                              7                    3:09-cv-2324-GPC-KSC; 09-cv-2334-GPC-KSC

1          **WITHOUT PREJUDICE**;[9]

2     2.   The Clerk of Court is directed to **TERMINATE** the 2334 case;

3     3.   The pending motion to dismiss in the 2334 case, (2334 ECF No. 78), is **DENIED AS**

4          **MOOT**;

5     4.   A final pretrial conference in the 2324 case will be held on **February 1, 2013, at 1:30**

6          **p.m.** The parties are directed to supplement their pretrial disclosures as necessary and

7          to submit a joint proposed pretrial conference order directly to chambers

8          (efile_curiel@casd.uscourts.gov) on or before **January 25, 2013**. The Court will set

9          dates for a hearing on motions in limine and for a jury trial at the pretrial conference.

10

11    DATED:  December 21, 2012

12    _____
      HON. GONZALO P. CURIEL
13    United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

---

28    [9] As to their requests for declaratory relief only, neither party is the "prevailing party" for purposes of awarded costs, as to their requests for declaratory relief do not, by themselves, state a claim.