UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMMES COMPANY HEALTHCARE, LLC, a Wisconsin limited liability company, and HC TRI-CITY I, LLC, a Wisconsin limited liability company,<br><br>    Plaintiffs,<br><br>v.<br><br>TRI-CITY HEALTHCARE DISTRICT, a California public entity, et al.<br><br>    Defendants,<br><br>AND RELATED ACTION. | Case Nos. 3:09-cv-2324-GPC-KSC<br>         3:09-cv-2334-GPC-KSC<br><br>**ORDER:**<br><br>**(1) DISMISSING CLAIMS FOR DECLARATORY RELIEF;**<br><br>**(2) TERMINATING 09-CV-2334;**<br><br>**(3) DENYING MOTION TO DISMISS AS MOOT;**<br><br>**(4) SETTING PRETRIAL CONFERENCE** |

**INTRODUCTION**

On December 14, 2012, this Court held a hearing to address two outstanding matters in the above cases ("2324 case" and "2334 case"). The first is an order to show cause why the declaratory relief claims in both cases should not be dismissed, (2324 ECF No. 134; 2334 ECF No. 75), to which the parties have filed responses, (2324 ECF Nos. 135, 136; 2334 ECF Nos. 76, 77).

The second outstanding matter is a motion to dismiss pursuant to FRCP 41(b) for failure to prosecute and for failure to comply with a court order that defendants and counter-claimants HC Tri-City I, LLC and Hammes Company Healthcare, LLC filed in the 2334 case. (2334 ECF No. 78.)

For the reasons that follow, the Court **DISMISSES WITHOUT PREJUDICE** the claims for

declaratory relief in both the 2324 case and the 2334 case, **TERMINATES** the 2334 case, **DENIES AS MOOT** the motion to dismiss filed therein, and sets a pretrial conference for **February 1, 2013, at 1:30 p.m.**

## BACKGROUND

On January 26, 2012, prior to the transfer of these related cases to this Court, Judge Sammartino held a pretrial conference. Judge Sammartino found that the parties had not filed the appropriate pretrial documents and that it was clear the matters were not ready to proceed to trial. Judge Sammartino ordered the parties to submit briefing addressing several issues that required resolution before the final pretrial conference could take place. The issues included establishing the scope of the parties' declaratory relief claims, determining whether the cases should be consolidated for trial, deciding whether Hammes and HC should be granted leave to amend their answer in the 2334 case, and providing a more realistic and thoroughly supported time estimate for trial.[1]

In the 2324 case, Hammes[2] asserted seven claims against Tri-City for: (1) breach of the letter of intent, (2) breach of the ground lease and space lease, (3) breach of the implied covenant of good faith and fair dealing, (4) fraud, (5) tortious interference with the space lease, (6) promissory estoppel, and (7) declaratory relief. (See 2324 ECF No. 1.) On July 11, 2011, Judge Sammartino granted Tri-City's motion for summary judgment as to the second through sixth claims. (2324 ECF No. 85.) Consequently, only Hammes' claim for breach of the letter of intent and the claim for declaratory relief remain.[3] In the 2334 case, the only claim asserted in the operative Second Amended Complaint is Tri-City's claim for declaratory relief. (See 2334 ECF No. 52.) As observed by Judge Sammartino, these cases essentially boil down to the breach of the letter of intent claim, and dueling requests for

---

[1] Judge Sammartino denied Hammes and HC's request for leave to amend their answer on September 18, 2012. (2334 ECF No. 86.)

[2] Claims two through seven were also asserted by HC.

[3] As observed by Judge Sammartino, claim seven, as one for declaratory relief, does not by itself state a claim. Audette v. Int'l Longshoremen's & Warehousemen's Union, 195 F.3d 1107, 1111 n.2 (9th Cir. 1999); see also Realty Experts Inc. v. RE Realty Experts, Inc., 2012 WL 699512, at *2 (S.D. Cal. Mar. 1, 2012) ("A claim for declaratory judgment is a form of relief; it does not by itself state a claim."). Thus, because the only substantive claim that survived summary judgment is asserted by Hammes, the party requesting declaratory relief must necessarily be Hammes.

declaratory relief.[4]

## DISCUSSION

### I. Order to Show Cause re Declaratory Relief Claims

Judge Sammartino observed the parties' supplemental briefs following the first pretrial conference in January 2012 barely addressed the scope of their respective declaratory reliefs claims and the impact of these claims upon the upcoming trial, in spite of her order to do so. She further observed that both parties seemed to acknowledge the duplicative nature of the claims, noting that Tri-City admitted that its remaining "claim" for declaratory relief in the 2334 case is merely the "flip side" of claims in the 2324 case and that proceeding with both would be a waste of resources.

Judge Sammartino agreed there is significant overlap between the two cases and questioned the utility in proceeding with either party's declaratory relief claim. She noted that granting the

---

[4] Hammes' request for declaratory relief in the 2324 case alleges in pertinent part:

An actual controversy has arisen and now exists between Plaintiffs and Defendants in regard to their obligations and duties owed under the Original Agreement, Ground Lease, Space Lease, and the promises and representations made by Defendants to Plaintiffs. Plaintiffs state that they are entitled to recovery of loss [sic] profits, development costs, breakage fees, attorneys' fees, interest, and loss of use of funds, and enforcement of promises and obligations held by Defendants, which Defendants expressly recognize but continue to act contrary thereto. Plaintiffs also seek a declaration confirming their ownership of the instruments of service related to the Project.

By virtue of the foregoing, Plaintiffs seek a declaration of their respective rights and duties of the Defendants and each of them, and that said Declaration include an award of monetary sums to Plaintiffs.

(2324 ECF No. 1, Compl. ¶¶ 64, 65.)

Likewise, Tri-City's request for declaratory relief in the related case alleges in pertinent part:

An actual controversy has arisen between the parties in relation to the interpretation of and performance of the Lease, TRI-CITY's alleged liability to HC for development costs, the timeliness of HC's Notice and HC's diligence in obtaining governmental approval and sub-leases as required by the Lease. Pursuant to Code of Civil Procedure section 1060, TRI-CITY requests a judicial declaration that TRI-CITY is not liable to HC for development costs, that HC failed to act with commercial reasonableness in obtaining governmental approvals and sub-leases and that TRI-CITY is excused from performing further under the lease.

(2334 ECF No. 52, SAC ¶¶ 22, 23.)

declaratory relief requested would potentially foreclose any remaining state law contract claims, which is why she ordered the parties to clarify the scope of declaratory relief sought. Judge Sammartino, concluded, stating:

> These discretionary claims threaten to add significant complication to the resolution of this dispute and to re-open for trial many issues that have already been adjudicated. Nor can the Court see any useful purpose in granting either party's request for declaratory relief, where both appear to be sought merely to determine issues which are involved in a case already pending and can be or have already been properly disposed of therein, and where the parties fail to adequately define the declaration of rights sought.

Accordingly, Judge Sammartino ordered the parties to show cause why their requests for declaratory relief should not be dismissed.

In Tri-City's response to the OSC, it asserts the declaratory relief claims in both cases should be dismissed in an order expressly indicating that neither party is a prevailing party for purposes of costs and attorney fees as to those claims. (2334 ECF No. 76.) Tri-City notes that, if the declaratory relief claims are dismissed, the parties' joint request for consolidation will be moot, and the 2334 case can be terminated.[5]

In Hammes and HC's response to the OSC, they first note that Judge Sammartino "has not determined that Tri-City is not liable <u>in anyway</u> to HC for development costs; the Court merely excused the parties' from performance under the ground lease." (2324 ECF No. 135 (quoting Judge Sammartino's order at 2324 ECF No. 110.)) Thus, Hammes and HC assert that, while performance under the ground lease has been excused, the following controversies will not be resolved in trying the remaining substantive claim for breach of the letter of intent:

1. Hammes and HC's ownership of the instruments of service and proprietary information relating to the project (as Hammes and HC dispute that Tri-City has any rights to use developmental documents, including plans and traffic studies, which Tri-City has allegedly used without payment or permission in developing and constructing another medical office building on the hospital campus);

---

[5] At oral argument, Tri-City requested that its request for declaratory relief be dismissed without prejudice, given the possibility that Judge Sammartino's summary judgment motion regarding the ground lease could be disturbed prior to entry of final judgment. This Court granted Tri-City's request for dismissal without prejudice.

      2.      Tri-City's lack of right to use those instruments of service and proprietary information relating to the project;

      3.      Compensation owed to Hammes and HC per Tri-City's use of those instruments of service and proprietary information based on theories, including, but not limited to quasi-contract, restitution, and quantum meruit.

At oral argument, Hammes and HC asserted the request for declaratory relief relates to the remaining claim for breach of the letter of intent, in that the letter of intent provides for the creation of a special entity (i.e., HC) to undertake the development project. Hammes and HC also asserted the letter of intent provided that Hammes and HC would own the instruments of service and proprietary information relating to the project.[6]

Lastly, Hammes and HC also argue – contrary to Judge Sammartino's OSC – that HC still has a declaratory relief claim.[7]

Because a declaratory judgment is procedural, federal law controls. See Bernardi v. Amtech/San Francisco Elevator Co., 2008 WL 2345153, at *5 (N.D. Cal. June 5, 2008).

Federal courts have the power to grant declaratory relief pursuant to the Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201, 2202, which provides in pertinent part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2202(a) (emphasis added). "This text has long been understood 'to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.'" MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 136 (2007) (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995)); see also Cardinal Chemical Co. v. Morton Int'l, Inc., 508 U.S. 83, 95 n.

---

[6] Hammes and HC did not cite to any specific portion of the letter of intent containing this provision, and, upon reviewing the letter of intent, the Court has found no such provision.

[7] This argument is easily dispelled, as it ignores the fact that a request for declaratory relief does not, in itself, state a claim. See n.2, supra. Thus, because the only remaining substantive claim is asserted by Hammes (breach of letter of intent), the remaining "claim" for declaratory relief is only asserted by Hammes. Moreover, HC is not a signatory to the letter of intent. (See ECF No. 92-19 at 15.)

17 (1993); Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494-96 (1942). The Supreme Court has found it "more consistent with the statute . . . to vest district courts with discretion in the first instance, because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within their grasp." MedImmune, 549 U.S. at 136 (citing Wilton, 515 U.S. at 289).

Declaratory relief may properly be denied "when prudential considerations counsel against its use," and "when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. State of Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). The Seventh Circuit has summarized reasons for refusing declaratory relief as follows:

> The discretion of a court to entertain a suit for declaratory judgment is a "judicial discretion" which must find its basis in sound reason, and jurisdiction is not to be declined merely because of the existence of another adequate legal remedy, or even because of the pendency of another suit, if the controversy between the parties is such that it will not necessarily be determined therein. It is well settled, however, that a declaratory judgment may be refused where it would serve no useful purpose, or would not finally determine the rights of the parties, or where it is being sought merely to determine issues which are involved in a case already pending and can be properly disposed of therein, especially if the issue is one involving a novel question of state law, or is, for any other reason, one that can better be adjudicated in another court. Nor should declaratory relief be granted where it would result in piecemeal trials of the various controversies presented or in the trial of a particular issue without resolving the entire controversy.

Yellow Cab Co. v. City of Chicago, 186 F.2d 946, 950-51 (7th Cir. 1951) (internal citations omitted) (cited by McGraw-Edison Co. v. Preformed Line Prods. Co., 362 F.2d 339, 342-43 (9th Cir. 1966)).

Under the DJA, "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202. "It is well settled that 'further relief' may include an award for damages." Beacon Const. Co., Inc. v. Matco Elec. Co., Inc., 521 F.2d 392, 400-01 (2d Cir. 1975) (citing Sec. Ins. Co. of New Haven v. White, 236 F.2d 215, 220 (10th Cir. 1956)).

Turning to Hammes and HC's complaint in the 2324 case, it is clear they requested "a declaration confirming their ownership of the instruments of service related to the Project." It thus appears, from Hammes and HC's response to Judge Sammartino's OSC, that they are now seeking to proceed on a request they included in their original complaint: ownership of the development

instruments. This issue, however, is complicated in two ways. First, to the extent HC is seeking such a declaration, it cannot do so because it has no remaining substantive claims which such relief might remedy, as discussed above.

Second, it is not clear that Hammes prayed for damages in connection with its request for declaratory relief as to the ownership of the development instruments. Even if Hammes did pray for such damages, however, the Court is not prepared to entertain such a request in connection with a request for declaratory relief. While damages may be awarded as "further and necessary relief" in declaring the rights of parties, (see 28 U.S.C. § 2202), it appears Hammes is attempting to bootstrap a substantive and independent quasi-contract claim to its request for declaratory relief. See United States v. Neidorf, 522 F.2d 916, 918 (9th Cir. 1975) (discussing nature of quasi-contract claims); see also Durell v. Sharp Healthcare, 183 Cal. App. 4th 1350, 1370 (2010) (same).[8] Accordingly, Hammes' seventh claim for declaratory relief is **DISMISSED**, leaving only its first claim for breach of the letter of intent to be tried.

Turning to Tri-City's declaratory relief claim in the 2334 case, the analysis is more straightforward. Because no substantive claim remains in Tri-City's SAC, there is no claim that might be remedied by declaratory relief. And, in any event, Tri-City agrees its request for declaratory relief should be dismissed, albeit without prejudice. Accordingly, Tri-City's request for declaratory relief is **DISMISSED WITHOUT PREJUDICE** and, because that request was the only claim remaining in the 2334 case, the 2334 case is **TERMINATED**.

## II.     Motion to Dismiss

Because the 2334 case should be terminated, Hammes and HC's motion to dismiss Tri-City's SAC pursuant to FRCP 41(b) is **DENIED AS MOOT**.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.     The declaratory relief claims in both the 2324 and 2334 cases are **DISMISSED**

---

[8] The Court offers no opinion on the merits of any potential quasi-contract claim for the allegedly wrongful use of the development instruments, as no such claim is before the Court.

1 | **WITHOUT PREJUDICE**;[9]

2. The Clerk of Court is directed to **TERMINATE** the 2334 case;

3. The pending motion to dismiss in the 2334 case, (2334 ECF No. 78), is **DENIED AS MOOT**;

4. A final pretrial conference in the 2324 case will be held on **February 1, 2013, at 1:30 p.m.** The parties are directed to supplement their pretrial disclosures as necessary and to submit a joint proposed pretrial conference order directly to chambers (efile_curiel@casd.uscourts.gov) on or before **January 25, 2013**. The Court will set dates for a hearing on motions in limine and for a jury trial at the pretrial conference.

DATED: December 21, 2012

HON. GONZALO P. CURIEL
United States District Judge

---

[9] As to their requests for declaratory relief only, neither party is the "prevailing party" for purposes of awarded costs, as to their requests for declaratory relief do not, by themselves, state a claim.