UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRI-CITY HEALTHCARE DISTRICT, a California local healthcare district,<br><br>                Plaintiff,<br>v.<br><br>HC TRI-CITY I, LLC, a Wisconsin limited liability company, et al.<br><br>                Defendant, | Case No. 3:09-cv-2334-GPC-KSC<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANT HC TRI-CITY I, LLC'S MOTION FOR ATTORNEY FEES PURSUANT TO FRCP 54(d)(2), (ECF NO. 95);**<br><br>**(2) GRANTING PLAINTIFF TRI-CITY HEALTHCARE DISTRICT'S MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS, (ECF NO. 112)** |

    Presently before the Court is defendant HC Tri-City I, LLC's ("HC") Motion for Attorney Fees under Federal Rule of Civil Procedure 54(d)(2) ("Fee Motion"). (ECF No. 95.[1]) Plaintiff Tri-City Healthcare District ("District") has filed an opposition to the Fee Motion, (ECF No. 105), and HC has filed a reply, (ECF No. 111).

    Also before the Court is the District's Motion for Review of Clerk's Taxation of Costs ("Costs Motion"). (ECF No. 112.) HC has filed an opposition to the Costs Motion, (ECF No. 115), and the District has filed a reply, (ECF No. 116).

---

[1] All "ECF No." citations refer to entries on the docket in this case (i.e., case no. 3:09-cv-2334-GPC-KSC) unless otherwise noted.

In May 2013, the Court took both motions under submission without oral argument, pending the outcome of the related case.[2] (ECF No. 117.) Having considered the parties' submissions, and for the reasons that follow, the Court will **DENY** HC's Fee Motion and **GRANT** the District's Costs Motion.

## BACKGROUND

This case involves a dispute between plaintiff-lessor Tri-City Healthcare District ("District") and defendant-lessee HC Tri-City I, LLC ("HC") regarding a ground lease governing the construction and operation of a medical office building and ambulatory surgery center on the District's hospital campus in Oceanside, California ("Ground Lease").

In its initial Complaint filed in the San Diego Superior Court, the District asserted a single claim against HC for declaratory relief as to the District's and HC's rights and obligations under the Ground Lease. (ECF No. 1 at 6.) HC then removed this case to federal court.[3] (ECF No. 1.) Sometime after removal, the District sought and obtained leave to file its First Amended Complaint ("FAC"). (ECF No. 25.)

In its FAC, the District maintained its claim for declaratory relief and added a claim for breach of contract, alleging HC breached the Ground Lease by failing to obtain government approvals, financing for construction, and the requisite number of sub-leases required to begin construction of the medical office building and ambulatory surgery center. Thereafter, the District obtained leave to file its Second Amended Complaint ("SAC"). (ECF No. 52.)

In its SAC, the District abandoned its claim for breach of the Ground Lease, again asserting only a single cause of action for declaratory relief. The District alleged:

> An actual controversy has arisen between the parties in relation to the interpretation of and performance of the [Ground] Lease, [the District]'s

---

[2] Hammes Healthcare Co., LLC v. Tri-City Healthcare Dist., 3:09-cv-2324-GPC-KSC (S.D. Cal.) ("related case").

[3] HC removed this case to federal court a day after it, along with Hammes Healthcare Company, LLC ("Hammes"), filed the related case in this court against the District and others. (See ECF No. 1 in the related case.)

> alleged liability to HC for development costs, the timeliness of HC's Notice and HC's diligence in obtaining governmental approval and sub-leases as required by the [Ground] Lease.

(Id. ¶ 22.) The District thus requested "a judicial declaration that [the District] is not liable to HC for development costs, that HC failed to act with commercial reasonableness in obtaining governmental approvals and sub-leases and that [the District] is excused from performing further under the [Ground] Lease." (Id. ¶ 23.)

Thereafter, Judge Sammartino (the district judge previously assigned to this case) issued an order to show cause why the District's sole remaining claim for declaratory relief in this case should not be dismissed. (ECF No. 75.) After briefing and a hearing, this Court dismissed the District's declaratory relief claim in December 2012 and directed that this case be terminated. (ECF No. 94.) The Court concluded the District's claim for declaratory relief should be dismissed because no underlying controversy remained after the District abandoned its claim for breach of the Ground Lease and after Judge Sammartino granted summary judgment in the District's favor on HC's and Hammes' claim for breach of the Ground Lease in the related case. In dismissing the District's claim for declaratory relief, the Court stated: "As to their requests for declaratory relief only, neither party is the 'prevailing party' for purposes of awarded costs, as . . . their requests for declaratory relief do not, by themselves, state a claim." (ECF No. 94 at 8 n.9.)

After the District's declaratory relief claim was dismissed, this case was terminated and judgment was entered as follows: "The declaratory relief claim is dismissed without prejudice. This case is terminated. The pending motion to dismiss is denied as moot." (ECF No. 103.) Thereafter, HC sought and obtained a Clerk's award of costs in the amount of $14,585.97. (ECF No. 110.)

In the related case, HC and affiliate Hammes sued the District and others for, among other things, breach of the Ground Lease and breach of a letter of intent that the District and Hammes signed at the beginning of their relationship in 2005. As noted above, the District ultimately obtained summary judgment in its favor on HC's and

1  Hammes' Ground Lease claims. In granting summary judgment, Judge Sammartino
2  expressly found the Ground Lease to be null and void per HC's failure to satisfy the
3  pre-leasing requirement contained therein.
4      After summary judgment, the related case proceeded to trial on the only
5  remaining claim in that case, to wit, Hammes' claim against the District for breach of
6  the letter of intent. After a bench trial, this Court found in favor of the District on
7  Hammes' claim for breach of the letter of intent, and final judgment was entered in
8  favor of the District on all claims asserted against it.
9      The Court now takes up the fee and cost motions in this case. Importantly,
10 Section 14.10 of the Ground Lease provides:

> **Attorney's Fees.** If either party retains an attorney to enforce or interpret this Lease, the prevailing party shall be entitled to recover, in addition to all other items of recovery permitted by law, reasonable attorney's fees and costs incurred through litigation, bankruptcy proceedings and all appeals.

14 (ECF No. 1 at 51.)

## DISCUSSION

16     The Court will first address HC's Fee Motion, after which it will consider the
17 District's Costs Motion.

**I.     HC's Fee Motion**

19     In its Fee Motion, HC asserts it is entitled to attorney fees under Federal Rule of
20 Civil Procedure 54(d)(2) as the prevailing party in this case. (ECF No. 95-1 at 4-6.)
21 HC asserts it is the prevailing party because the District's claims in this case were
22 either abandoned or dismissed, and because the District did not recover the
23 approximately $580,000 it sought as a remedy for the breach of contract claim asserted
24 in its FAC.
25     In opposition, the District argues that HC is not entitled to attorney fees. (ECF
26 No. 105.) The District asserts the Court has already determined that HC is not a
27 prevailing party, as the Court stated in its December 2012 Order that "neither party is
28 the 'prevailing party' for purposes of awarded costs, as . . . their requests for

declaratory relief do not, by themselves, state a claim." The District argues that, even if the Court re-examines the prevailing party issue, the Court should find that the District prevailed.

### A. Legal Standard

Absent a rule or statute that provides for an award of attorney fees, each party must generally bear its own attorney fees. Sheet Metal Workers Int'l Ass'n v. Madison Indus., Inc., 84 F.3d 1186, 1192 (9th Cir. 1996). When an award of attorney fees is authorized, Federal Rule of Civil Procedure 54(d)(2) sets forth the requirements for obtaining such an award. The rule provides that a claim for attorney fees "must be made by motion," and that the motion must, among other things, "specify the judgment and the statute, rule, or other grounds entitling the movant to the award."

In a diversity action such as this, courts look to state law to determine whether an award of attorney fees is authorized. Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000). California law provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded . . . to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a) (emphasis added).

An action is "on a contract" if (1) the action "involves" an agreement, in that it "arises out of, is based upon, or relates to an agreement by seeking to define or interpret its terms or to determine or enforce a party's rights or duties under the agreement"; and (2) the agreement contains an attorney fee provision. Eden Twp. Healthcare Dist. v. Eden Med. Ctr., 220 Cal. App. 4th 418, 427 (2013).

The prevailing party is generally determined by the court as "the party who recovered a greater relief in the action on the contract." Cal. Civ. Code § 1717(b).

### B. Analysis

The first question is whether the District's case is an action "on the contract" as

required to recover fees under Civil Code section 1717. While HC would have the Court focus on the District's FAC, which sought nearly $580,000 in contractual damages under the Ground Lease, the District's final operative complaint—i.e., its SAC—contained no such claim. And "it is well-established that an amended complaint supersedes the original, the latter being treated thereafter as non-existent." Valadez-Lopez v. Chertoff, 656 F.3d 851, 857 (9th Cir. 2011) (internal quotation marks & citation omitted). Thus, the Court must determine whether the District's sole claim for declaratory relief, as pled in the SAC, is an action "on the contract."

The Court concludes the District's claim for declaratory relief is an action on a contract, to wit, the Ground Lease. First, this case "involves" the Ground Lease, in that the District sought to define and interpret the Ground Lease's terms and to determine the parties' rights and obligations thereunder. See Eden Twp. Healthcare Dist., 220 Cal. App. 4th at 427. Second, the Ground Lease contains an attorney fee provision as set forth in the Background section of this Order. See id. Thus, the Court will proceed to considering whether HC is a prevailing party entitled to an award of attorney fees.

The District sought a declaration in this case that it was excused from performing further under the Ground Lease because of HC's failure to satisfy certain conditions precedent set forth in the Ground Lease. This is precisely the issue Judge Sammartino addressed in granting summary judgment in the District's favor on Hammes' and HC's claim for breach of the Ground Lease in the related case. Judge Sammartino expressly concluded the District was excused from performing under the Ground Lease because of HC's failure to satisfy the Ground Lease's pre-leasing contingency. (See ECF No. 85 in related case at 11-15.) Judge Sammartino went so far as to find the Ground Lease null and void. (Id.) This Court thus concludes that, as to any action on the Ground Lease, HC is not the prevailing party. See Pac. Custom Pools, Inc. v. Turner Constr. Co., 79 Cal. App. 4th 1254, 1272 (2000) ("[I]n determining litigation success, courts should respect substance rather than form, and

/ / /

to this extent should be guided by 'equitable considerations.'").[4]

In short, the Court finds HC has failed to demonstrate it is the prevailing party for purposes of an award of attorney fees under California Civil Code § 1717. Accordingly, the Court will deny HC's Fee Motion.

## II. District's Cost Motion

The District argues the Clerk's award of costs to HC should be vacated because HC is not the prevailing party.

In opposition, HC reiterates its arguments pertaining to the District's previously asserted breach-of-contract claim. HC further argues that, under Civil Local Rule 54.1.f, it is the prevailing party for purposes of an award of costs because this case was terminated without judgment being entered in the District's favor.

### A. Legal Standard

Courts review a clerk's taxation of costs de novo. Jardin v. DATAllegro, Inc., 2011 WL 4835742, at *1 (S.D. Cal. Oct. 12, 2011) (citing ASIS Int'l Servs. v. Optin Global, Inc., 2008 WL 5245931, at *3 (N.D. Cal. Dec. 17, 2008). Unless a statute, rule, or court order provides otherwise, costs–other than attorney fees–"should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999).

The prevailing party for purposes of Rule 54(d) is generally the party in whose favor judgment is rendered. d'Hedouville v. Pioneer Hotel Co., 552 F.2d 886, 896 (9th Cir. 1977). Civil Local Rules provide that "[t]he defendant is the prevailing party upon any termination of the case without judgment for the plaintiff except a voluntary dismissal under Fed. R. Civ. P 41(a)." CivLR 54.1.f.

---

[4] In addition to California's rule regarding substance over form, the Court finds it appropriate to consider the result that the District obtained in the related case because, had the Court not dismissed the District's declaratory relief claim in this case, the Court certainly would have consolidated this and the related case for trial.

### B.  Analysis

For the reasons stated above, the Court continues to find that the District is the prevailing party in any controversy regarding the Ground Lease. As such, the Court would find that the Clerk erred in awarding costs to HC as the prevailing party in this case. Before reaching this conclusion, however, the Court must reconcile Civil Local Rule 54.1.f's provision that "the defendant is the prevailing party upon termination of the case without judgment for the plaintiff except a voluntary dismissal under Fed. R. Civ. P. 41(a)."

While judgment was entered in the District's favor in the related case, judgment was entered in neither party's favor in this case. The judgment rendered in this case merely provides: "The declaratory relief claim is dismissed without prejudice. The case is terminated. The pending motion to dismiss is denied as moot." (ECF No. 103.) It would thus seem, because the case was terminated without judgment for the District, that HC is the prevailing party for purposes of an award of costs under Civil Local Rule 54.1.f. The Court, however, finds this to be an odd result given the District's unqualified victory on the merits of the parties' dispute over the Ground Lease. The Court thus examines whether the dismissal of the District's declaratory relief claim was "a voluntary dismissal under Fed. R. Civ. P. 41(a)." If so, then HC would not automatically be considered the prevailing party per this case being terminated "without judgment for the plaintiff." See CivLR 54.1.f.

Under Federal Rule of Civil Procedure 41(a), a plaintiff may voluntarily dismiss an action any time before a response is filed or by stipulation. Otherwise, a plaintiff may only voluntarily dismiss an action by court order on terms that the court considers proper. Fed. R. Civ. P. 41(a).

In response to Judge Sammartino's Order Directing Parties to Show Cause Why Declaratory Relief Claims Should Not Be Dismissed, (ECF No. 75), the District agreed that its declaratory relief claim (along with Hammes' and HC's declaratory relief claim in the related case) should be dismissed, (ECF No. 76 at 2). The Court thus finds that,

1 notwithstanding Judge Sammartino's order directing the parties to justify the continued
2 litigation of their declaratory relief claims, the District's <u>assertion</u> that its declaratory
3 relief claim should be dismissed is within the ambit of a <u>request</u> for dismissal under
4 Fed. R. Civ. P. 41(a)(2).[5]  That is, the Court finds that the dismissal of the District's
5 declaratory relief claim in this case was a voluntary dismissal under Fed. R. Civ. P.
6 41(a).  As such, the Court concludes, for purposes of reconciling Civil Local Rule
7 54.1.f with the outcome of these related cases, that HC is not the prevailing party in this
8 case, even though this case was terminated without judgment being entered in the
9 District's favor.

After a de novo review of the Clerk's award of costs to HC, the Court finds the
award should be vacated.  Accordingly, the Court will grant the District's Cost Motion.

## CONCLUSION & ORDER

Having considered the parties submissions, the record in these related cases, and
the applicable law, and for the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. HC's Fee Motion, (ECF No. 95), is **DENIED**;
2. The District's Cost Motion, (ECF No. 112), is **GRANTED**;
3. The Clerk's Order Taxing Costs, (ECF No. 110), is **VACATED**.

DATED:  January 17, 2014

HON. GONZALO P. CURIEL
United States District Judge

---

[5] The District's assertion that its declaratory relief claim should be dismissed centered on the fact that, in the related case, Judge Sammartino had already resolved the controversy presented in the District's declaratory relief claim by finding the Ground Lease null and void.